IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHINYERE OGBONNA-McGRUDER ) | |
| ) | Case No. 3:21-cv-00506 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| AUSTIN PEAY STATE UNIVERSITY ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's [renewed] motion to amend complaint. (Docket No. 48.)[1] Defendants filed a response in opposition (Docket No. 50) and Plaintiff replied (Docket No. 51). For the reasons discussed below, Plaintiff's motion to amend (Docket No. 48) is GRANTED. The Clerk is directed to separately file the amended complaint and accompanying exhibits, which are presently found at Docket Nos. 48-2 through 48-8. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Defendant's pending motion to dismiss. The Clerk is therefore directed to terminate that motion (Docket No. 43) without prejudice to refiling as to the amended complaint as appropriate.[2] Defendant shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.[3]

---

[1] The motion is designated as renewed because an earlier amendment motion filed by Plaintiff (Docket No. 45) was denied as noncompliant with the Court's local rules without prejudice to refiling a compliant motion. (Docket No. 47.)

[2] The Court recognizes that Defendant has sought dismissal of this case on multiple occasions. However, the Court does not find those circumstances to be a result of any bad faith or misconduct on Plaintiff's part, but rather a simple function of application of the procedural rules. Further, a motion to dismiss the amended complaint would presumably be based on the comprehensive arguments made in the most recent motion to dismiss and in Defendant's opposition to the motion to amend, which allows for a relatively simple and less time-intensive preparation of any new motion to dismiss.

[3] Unless otherwise noted, all references to rules to are to the Federal Rules of Civil

A.  **Background**

Familiarity with this case is presumed and the background and procedural history are recited here only as necessary to explain or give context to the Court's ruling.[4]  The complaint commencing this Title VII discrimination, hostile work environment, and retaliation case was filed on July 1, 2021.  (Docket No. 1.) In lieu of an answer, Defendant moved to dismiss the complaint.  (Docket No 8.)  By September of 2021, the parties were engaged in efforts at resolution and jointly moved to stay proceedings and "remove this case to the inactive docket."  (Docket No. 20.) Because the Court does not routinely inactivate cases, the parties were instead granted extensions of case management deadlines to facilitate their settlement discussions.  (Docket No. 25.) Plaintiff's original counsel then withdrew (Docket No. 27), and new counsel was substituted (Docket No. 28), which resulted in additional extensions of case management deadlines. (Docket No. 31.)  Due to an unexpected medical condition suffered by Plaintiff's counsel, case management deadlines were stayed and reset following a status conference.  (Docket No. 40.)  The deadline for amended pleadings was reset for June 3, 2022. (*Id*. at 2.)  Because of the parties' repeated requests for extensions and stays of deadlines, Defendant's motion to dismiss was denied without prejudice to refiling.  (Docket No. 37.)

The parties also unsuccessfully participated in mediation.  (Docket No. 42.) Defendant then refiled its motion to dismiss (Docket No. 43), which remains pending.

---

Procedure.

[4] The recited background and procedural history are taken from the record and, unless otherwise noted, are generally undisputed.

On May 25, 2022, Plaintiff moved for leave to amend her complaint to add two individual defendants against whom she asserts additional claims under 42 U.S.C. § 1983. (Docket No. 48.) Defendant opposes the motion to amend and argues that Plaintiff cannot assert § 1983 claims in a Title VII case, that her claims are time-barred, and that the individuals whom she seeks to add as defendants enjoy qualified immunity. For all these reasons, Defendant asserts that Plaintiff's proposed amendments are futile, which warrants denial of the requested amendment.

## B. Legal Standards and Analysis

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Rule 15, which governs the Court's consideration of the pending motion, states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a plaintiff's claims ought to be decided on the merits "rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). Sixth Circuit precedent clearly "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be 'freely given.'" Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted); *but see Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (reviewing *de novo* district court's denial of motion for leave to amend because of futility). For the reasons discussed below, the Court finds that Rule 15's liberal standard of allowing amendments is not overcome by any other considerations under the circumstances of this case, including futility.

The crux of Defendant's opposition focuses on the purported futility of Plaintiffs' proposed amendments because the amendments assert § 1983 claims that Defendant contends are improper in a Title VII case, are time-barred, and are subject to dismissal under the doctrine of qualified immunity. A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed

4

Case 3:21-cv-00506 Document 52 Filed 06/30/22 Page 4 of 8 PageID #: 445

amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

"Courts in this circuit recognize that futility arguments in the context of a motion to amend are functionally dispositive and present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020) (citing *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *see also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint). The policy behind the futility argument is to prevent the expenditure of unnecessary effort and resources by both the parties and the court. *See, e.g., Matlock v. Rose*, 731 F.2d 1236, 1240-41 (6th Cir. 1984) ("[T]he concern for judicial economy, under the circumstances of this case, is particularly advanced through the futility doctrine.").

However, judicial economy is only served in this case if the undersigned concludes, and the District Judge concurs, that denial of Plaintiff's motion to amend is required, since the Court is confident that Defendant will otherwise seek dismissal of Plaintiff's amended complaint, for yet another round of the same arguments. While the Court does not in any way view this likely conduct by Defendant as improper, the Court cannot overlook the indisputable fact that the multiple times that multiple judges will consider the same arguments is neither efficient nor economical. Rather, under these circumstances, at least where the proposed amended claims are "arguably sufficient, it is usually a sound exercise of discretion to permit the claim[s] to be pleaded

5

and to allow the merits of the claim[s] to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4; *see also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same).

Defendant's arguments in opposition to the proposed amended complaint turn on whether Plaintiff can seek relief under § 1983, including whether such claims are time-barred or precluded by qualified immunity principles. As noted by this Court,

> [t]he Court of Appeals for the Sixth Circuit allows a constitutional claim to be brought under Section 1983 even if that claim runs parallel to a claim brought under an analogous statute on similar facts. *See Bullington v. Bedford Cty.*, 905 F.3d 467, 472 (6th Cir. 2018) (collecting cases). This specifically includes cases involving alleged employment discrimination where a plaintiff advances a Section 1983 claim based on the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution either "concurrently with, or independent of, a Title VII violation." *Day v. Wayne Cty. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984); *see also Russell v. Moore*, 714 F.Supp. 883, 886 (M.D. Tenn. 1989) ("The plaintiff 'may sue her state government employer for violations of the Fourteenth Amendment through [Section] 1983 and escape Title VII's comprehensive remedial scheme, even if the same facts would suggest a violation of Title VII.' ") (quoting *Trigg v. Fort Wayne Cmty. Schs.*, 766 F.2d 299, 301 (7th Cir. 1985) (explaining the *Day* decision).

*Haley v. Clarksville-Montgomery Cnty. Sch. Sys.*, 353 F. Supp. 3d 724, 729–30 (M.D. Tenn. 2018); *see also Gooch v. Electric Power Bd. of Metro. Nashville*, ___ F.Supp.3d ___, 2022 WL 2196267 (M.D. Tenn. June 17, 2022) (considering merits of plaintiff's § 1983 claims in case also brought under Title VII). Allowing this issue of the propriety of § 1983 claims in a Title VII context and Defendant's additional substantive legal arguments about timing and qualified immunity "to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts." *Local Spot*, 2020 WL 7554214, at *4.[5]

---

[5] To be clear, allowance of the amendment should not be construed as a determination that Defendant's arguments for dismissal are without merit. The undersigned expresses no opinion on the merits of those arguments, including implicitly by granting Plaintiffs' motion to amend.

Given this efficiency, and there being no other apparent reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.[6]

## C. Conclusion

For all these reasons, Plaintiffs' motion for leave to amend (Docket No. 48) is granted. The Clerk is directed to separately file the amended complaint and accompanying exhibits, which are presently found at Docket Nos. 48-2 through 48-8. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Defendant's pending motion to dismiss. The Clerk is therefore directed

---

[6] The Court does not find that Plaintiffs' requested amendment is in bad faith or that Plaintiff has made repeated prior efforts to cure deficiencies. Nor does the Court find any undue delay in Plaintiff's requested leave to amend, as the motion was filed within the amendment deadline. Although Defendant insinuates that Plaintiff's motivation is to "continue[] to delay the Court's ruling on" Defendant's motion to dismiss (Docket No. 50 at 5), the Court does not find that the amendment results in any undue delay or prejudice to Defendant. *See Local Spot*, 2020 WL 7554214, at *3 (rejecting argument that denial of motion to amend is warranted simply because amendment delays resolution of multiple prior motions to dismiss). The Sixth Circuit has held that "[d]elay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend*." Parmer v. Globe Industries, Inc.*, 914 F.2d 257 (Table), at *3 (6th Cir. 1990) (citing *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Rather, "the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Security Ins. Co. of Hartford v. Tucker & Assoc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). Here, the Court finds no undue prejudice to Defendant from the proposed amendment. Defendant clearly can respond to the substance of the amendments, as evidenced by the comprehensive and detailed opposition to Plaintiff's motion for leave to amend. Defendant argues that there will be some confusion and delay from the requested amendment, but the Court cannot agree that the list of horribles described by Defendant are inevitable. There is plenty of time remaining in the discovery period and for dispositive motions to sort out any of the so-called confusion or factually unsupported claims. When considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citations omitted); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir.) (delay and increased costs from having to litigate a dispute are not sufficient prejudice).The Court finds no such circumstances here. Further, the Court notes that the time to seek leave to amend has now expired, which minimizes, if not eliminates, the prospect of additional amendments.

to terminate that motion (Docket No. 43) without prejudice to refiling as to the amended complaint as appropriate. Defendant shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge